UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE ARMANDO PORTILLA
HERNANDEZ,

                Petitioner,

        -against-

KRISTI NOEM, et al.,

               Respondents.

**OPINION AND ORDER**

25-CV-10393 (PMH)

PHILIP M. HALPERN, United States District Judge:

Jorge Armando Portilla Hernandez ("Petitioner") commenced this proceeding for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 15, 2025, asserting claims against Kristi Noem in her official capacity as Secretary of the U.S. Department of Homeland Security,[1] Pamela Bondi in her official capacity as Attorney General of the United States, Kenneth Genalo in his official capacity as New York Field Office Director for Enforcement and Removal Operations, U.S Immigration and Customs Enforcement ("ICE"), and Sheriff Paul Arteta in his official capacity as the Sheriff of Orange County, New York (collectively, "Respondents"). (Doc. 1). Petitioner asserts that his continued detention by ICE is in violation of the Fifth Amendment's Due Process Clause; violates the Immigration and Nationality Act ("INA") and Administrative Procedure Act; and violates the Suspension Clause of the United States Constitution. (*Id.* ¶¶ 54-57).

The Court held a telephone conference with the parties on February 4, 2026 on Petitioner's request for a temporary restraining order. (Docs. 10, 11, 12, 13, 14). After denying the requested

---

[1] Under Federal Rule of Civil Procedure 25(d), when an officer ceases to hold office while the action is pending, the officer's successor is automatically substituted as a respondent. Accordingly, Markwayne Mullin is hereby substituted in place and stead of Kristi Noem.

relief, the Court directed the U.S. Attorney's Office to file an answer, return, or other pleadings in response to the Petition by February 11, 2026, with Petitioner's reply due by February 13, 2026. (Doc. 14).

Because the Court concludes that Petitioner is an "applicant for admission" within the plain meaning of the INA, Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Accordingly, and for the reasons set forth herein, the Petition is DENIED.

## BACKGROUND

The Court draws the facts herein from the Petition (Doc. 1), Petitioner's motion for a temporary restraining order (Doc. 10), the Government's return (Doc. 15-1), the Declaration of ICE Deportation Officer Kerryn Irving (Doc. 15-6, "Irving Decl."), and the evidence proffered by the parties.

Petitioner is a native and citizen of Mexico who, in or about 2001, fled his native country to escape threats from violent and powerful gangs, and due to extreme poverty and social instability. (Doc. 1 ¶¶ 8, 15). On December 13, 2025, Petitioner was boarding a public bus in Rockland County, New York, when ICE Enforcement and Removal Operations ("ERO") Officers encountered him and asked if Petitioner was willing to speak to them. (*Id.* ¶ 16; Irving Decl. ¶ 5). Petitioner agreed to speak to the ICE ERO Officers who asked him if he was a United States citizen or had legal status to be in the United States. (Irving Decl. ¶ 5). Petitioner stated he did not have legal status and admitted that he entered the United States illegally. (*Id.*). ICE ERO Officers conducted further records checks and confirmed that Petitioner did not make lawful entry and did not have any legal status. (*Id.*).

ICE arrested Petitioner pursuant to a Warrant for Arrest of an Alien (Form I-200) and transported him to the ICE Newburgh Sub-office. (*Id.* ¶ 6; Docs. 15-2, 15-3). Petitioner was served

with a Notice to Appear ("NTA"), charging him as inadmissible pursuant to the INA as an alien present in the United States without being admitted or paroled and as an alien not in possession of a valid immigrant visa or other required entry document at the time of application for admission. (Irving Decl. ¶ 6; Doc. 15-5). The NTA directed Petitioner to appear for a hearing before an Immigration Judge on December 23, 2025. (Irving Decl. ¶ 6; Doc. 15-5).

On December 13, 2025, Petitioner was transported to the Orange County Jail in Goshen, New York. (Doc. 1 ¶¶ 1, 8, 16; Irving Decl. ¶ 7). Removal proceedings were commenced on December 16, 2025, and Petitioner's initial hearing was rescheduled to December 22, 2025. (Irving Decl. ¶¶ 8-9). Petitioner's counsel entered an appearance on December 18, 2025, and requested a continuance of the December 22, 2025 hearing, which was granted. (*Id.* ¶ 10). On December 29, 2025, Petitioner was transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (*Id.* ¶ 11; Doc. 10 at 2). Petitioner filed an application for relief in the Immigration Court on January 9, 2026 and appeared with counsel on February 4, 2026 at a hearing before the Immigration Judge. (Irving Decl. ¶¶ 12-13). Petitioner was placed in an expedited administrative removal proceeding docket in the Immigration Court. (Doc. 10 at 2). He was scheduled for a hearing on March 18, 2026 on the merits of his immigration case. (Irving Decl. ¶ 13). According to the record, as of February 11, 2026, Petitioner remained detained at MDC and his removal proceedings remained pending. (*Id.* ¶¶ 14-15).  There is no final order of removal and Petitioner has no criminal record. (Doc. 10 at 3).

## STANDARD OF REVIEW

This case is brought under 28 U.S.C. § 2241. Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003)

(quoting 28 U.S.C. § 2241(c)(3)).[2] "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-04189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Jurisdiction over 28 U.S.C. § 2241 habeas petitions is properly limited to purely legal statutory and constitutional claims and does not extend to review of discretionary determinations by immigration judges." *Id.* The Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[W]here, as here, the record and submissions are adequate to resolve Petitioner's claim, there is no need for a full evidentiary hearing." *Palma v. Arteta*, No. 25-CV-09340, 2026 WL 697015, at *2 (S.D.N.Y. Mar. 12, 2026).

The Immigration and Nationality Act ("INA") governs, in pertinent part, the civil detention of aliens pending a decision on removal. *See generally* 8 U.S.C. §§ 1225, 1226. "As the Supreme Court and the Second Circuit have explained, detention during removal proceedings is a constitutionally valid aspect of the deportation process." *Chen v. Almodovar*, No. 25-CV-08350, 2025 WL 3484855, at *3 (S.D.N.Y. Dec. 4, 2025) (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020)).

## ANALYSIS

Petitioner argues that Respondents have violated his statutory and constitutional rights by detaining him pursuant to 8 U.S.C. § 1225, on the grounds that this constitutes impermissible retroactive treatment of a "long-term interior resident as an 'applicant for admission' subject to mandatory detention . . ." and he should instead be classified under § 1226, entitling him to discretionary civil detention and a bond hearing. (Doc. 16 at 5; *see generally* Doc. 1). Petitioner

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

requests that this Court preclude removal and release him from detention pending adjudication of his removal proceedings. He argues that his continued detention violates the Fifth Amendment's Due Process Clause, that the decision to detain him under § 1225 violates the INA and Administrative Procedure Act, and that by "reinterpreting" § 1225(b) the Government has foreclosed Petitioner from obtaining review of his detention thereby violating the Suspension Clause of the Constitution.

I.   Petitioner is Lawfully Detained Pursuant to § 1225

Based upon this Court's reading of the text, context and overall statutory scheme of §§ 1225 and 1226, the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), and the amendment history of § 1226, as well as the history of the Executive Branch's enforcement actions, this Court concludes that Petitioner is lawfully detained pursuant to § 1225(b). Specifically, the Court finds particularly cogent Judge Cronan's and Judge Vyskocil's thorough analyses of the relevant statutory scheme in *Chen v. Almodovar*, No. 25-CV-09670, 2026 WL 100761 (S.D.N.Y. Jan. 14, 2026) and *Chen v. Almodovar*, No. 25-CV-08350, 2025 WL 3484855 (S.D.N.Y. Dec. 4, 2025), adopts the reasoning set forth therein, and joins in the reading that § 1225 explicitly encompasses aliens who have not lawfully entered the United States, regardless if they are "already here" and "long-time interior resident[s]," as they are deemed an "applicant for admission." *See* 8 U.S.C. §§ 1225(a)(1), (b)(2); *see also Velasquez v. Noem*, No. 25-CV-10319, 2026 WL 621690 (S.D.N.Y. Mar. 5, 2026); *Changgeng Chen v. Almodovar*, No. 25-CV-09995, 2026 WL 507707 (S.D.N.Y. Feb. 24, 2026); *Alvarado Quezada v. Francis*, No. 26-CV-00387, 2026 WL 380711 (S.D.N.Y. Feb. 11, 2026); *Flores Pacheco v. Almodovar*, No. 26-CV-00640, 2026 WL 366994 (S.D.N.Y. Feb. 10, 2026); *Deras Arana v. Arteta*, No. 26-CV-00240, 2026 WL

279786 (S.D.N.Y. Feb. 3, 2026); *Weng v. Genalo*, No. 25-CV-09595, 2026 WL 194248 (S.D.N.Y. Jan. 25, 2026).

Petitioner has never been admitted or paroled, having entered the United States without inspection in or about 2001. (Doc. 1 ¶¶ 8, 15; Doc. 15-1 at 1). Accordingly, Petitioner is an "applicant for admission" because he is "[a]n alien present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). The inspecting officer charged that Petitioner appeared inadmissible, as an alien "present in the United States without being admitted or paroled," and/or "who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document," 8 U.S.C. §§ 1182(a)(6)(A)(i), 1182(a)(7)(A)(i)(I) (applicable grounds for inadmissibility). (Doc. 15-5 at 1, 4). Petitioner, as an applicant for admission who is not clearly and beyond a doubt entitled to be admitted, is therefore lawfully detained pursuant to § 1225(b). Accordingly, Petitioner's statutory claim under 28 U.S.C. § 2241 is dismissed.

II.    Petitioner's Detention Comports with Due Process

Petitioner contends that his detention is unconstitutional under the Fifth Amendment's Due Process Clause. The factual predicate for this claim simply rehashes the facts associated with Petitioner's failed first claim for relief. And, even taking the constitutional claim on its own terms, Petitioner has received and is receiving all the process that is due him.

"[T]he Fifth Amendment entitles noncitizens to due process of law," "whether their presence here is lawful, unlawful, temporary, or permanent." *Velasco Lopez*, 978 F.3d at 850. For an applicant for admission, "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." *Deras Arana*, 2026 WL 279786, at *5 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)); *see also Augustin v. Sava*, 735 F.2d 32, 36 (2d. Cir.

1984) ("Although aliens who petition for admission have no constitutional rights regarding their applications, they do have such statutory rights as Congress grants.").

The Second Circuit has recognized that "'due process does not require an initial bond determination for those detained under [S]ection 1226(c),' a provision mandating detention pending removal proceedings just like Section 1225(b)(2)(A)." *Chen*, 2026 WL 100761, at *14 (first quoting *Velasco Lopez*, 978 F.3d at 848; and then quoting *Black v. Decker*, 103 F.4th 133, 142 (2d Cir. 2024)).

Accordingly, the Court concludes that because Petitioner is an "applicant for admission" who "is [lawfully] detained under Section 1225(b)(2)(A), he is not entitled to a bond hearing. Nor does his detention without bond violate due process." *Chen*, 2026 WL 100761 at *7; *Chen*, 2025 WL 3484855, at *8 ("[H]aving concluded that Section 1225 governs this case, the Court concludes that Petitioner is not entitled to be released, nor is he entitled to a bond hearing."). Accordingly, Petitioner's Fifth Amendment claim is dismissed.

III.　　The Administrative Procedure Act and Suspension Clause Claims

Petitioner's remaining claims are for violation of the INA and Administrative Procedure Act, and violation of the Suspension Clause. Petitioner's failure to respond to Respondent's arguments, or to make any argument at all with respect to these claims, constitutes abandonment. *Canario v. Cnty. of Rockland*, No. 24-CV-04470, 2025 WL 2522046, at *6 (S.D.N.Y. Sept. 2, 2025) (citing *Martinez v. Town of Clarkstown*, No. 23-CV-05364, 2024 WL 4124717, at *4 (S.D.N.Y. Sept. 9, 2024) (deeming a claim abandoned where plaintiff failed to respond to arguments in her opposition)). Even if they had not been abandoned by Petitioner's failure to respond to Respondents' arguments, the claims fall for the same reasons as Petitioner's statutory and constitutional claims. Petitioner's third claim for relief alleges that the "unexplained and

retroactive reinterpretation of the detention statutes, reclassifying long-term interior residents as 'arriving aliens', . . . exceeds statutory authority and must be set aside under the [Administrative Procedure Act]." (Doc. 1 ¶ 56). Because, as discussed *supra*, this Court holds that Petitioner is detained lawfully under § 1225(b), this claim likewise fails. With respect to his Suspension Clause claim, as Petitioner brought this petition for a writ of habeas corpus, and this Court is exercising its jurisdiction to adjudicate the claims raised in this petition, Petitioner cannot maintain in law or fact that the privilege of the writ of habeas corpus has been suspended in this case.

Accordingly, the third and fourth claims for relief are dismissed.

### CONCLUSION

For the foregoing reasons, the Petition is DENIED and Petitioner's claims are dismissed.

The Clerk of Court is respectfully directed to enter judgment in Respondents' favor and close this case.

**SO ORDERED:**

Dated:    White Plains, New York
          March 26, 2026

PHILIP M. HALPERN
United States District Judge

8